States shall otherwise direct, and concurrent jurisdiction with the district courts of the crimes and offences cognizable therein." This is a criminal prosecution, not otherwise provided for; and if the jurisdiction can be exclusively vested in the circuit court, it destroys the original jurisdiction given by the constitution to the supreme court. In justice to the legislature, therefore, such a construction must be rejected; and the cognizance of the case be left, upon a constitutional footing, exclusively to the supreme court. The argument is the more cogent from a consideration of the respect which is due to consuls, by the law of nations. Vatt. Law Nat. bk. 2, c. 2, § 34.

Mr. Rawle, U. S. Dist. Atty., stated in reply, that there was a material distinction between public ministers, and consuls; the former being entitled to high diplomatic privileges, which the latter, by the law of nations, had no right to claim; and he contended, that the supreme court has original, but not exclusive, jurisdiction of offences committed by consuls; that the district court had jurisdiction (exclusively of the state courts) of all offences committed by consuls, except where the punishment to be inflicted exceeded thirty stripes, a fine of one hundred dollars, or the term of five months imprisonment; and that the circuit court had, in this respect, a concurrent jurisdiction with the supreme court as well as the district court. If indeed this is a crime "cognizable under the authority of the United States," it is within the express delegation of jurisdiction to the circuit court.

Before WILSON, and IREDELL, Circuit Justices, and PETERS, District Judge.

WILSON, Circuit Justice. I am of opinion, that although the constitution vests in the supreme court an original jurisdiction, in cases like the present, it does not preclude the legislature from exercising the power of vesting a concurrent jurisdiction, in such inferior courts, as might by law be established. And as the legislature has expressly declared, that the circuit court shall have "exclusive cognizance of all crimes and offences, cognizable under the authority of the United States," I think the indictment ought to be sustained.

IREDELL, Circuit Justice. I do not concur in this opinion, because it appears to me, that for obvious reasons of public policy, the constitution intended to vest an exclusive jurisdiction in the supreme court, upon all questions relating to the public agents of foreign nations. Besides, the context of the judiciary article of the constitution seems fairly to justify the interpretation, that the word "original," means "exclusive," jurisdiction.

PETERS, District Judge. As I agree in the opinion expressed by Judge WILSON,

for the reasons which he has assigned, it is unnecessary to enter into any detail.

The motion for quashing the indictment was accordingly rejected, and the defendant pleaded not guilty; but his trial was postponed, by consent, till the next term.

[See Case No. 16,122a.]

---

### Case No. 16,122a.

#### UNITED STATES v. RAVARA.

[2 Dall. 299, note.] [1]

Circuit Court, D. Pennsylvania. April Term, 1794.

INTERNATIONAL LAW — OFFENCES BY CONSULS — THREATENING LETTERS—JURISDICTION OF FEDERAL COURTS.

[A foreign consul, notwithstanding his official character, is indictable in this country, and triable in the federal courts, for the common-law offence of sending anonymous and threatening letters with intent to extort money.]

[This was an indictment against the consul from Genoa, for a misdemeanor in sending anonymous and threatening letters to various persons named, with a view to extort money. A motion to quash the indictment was heretofore overruled. Case No. 16,122.

[The defendant was defended on the following points:] (1) That the matter charged in the indictment was not a crime by the common law, nor is it made such by any positive law of the United States. In England it was once treason; it is now felony; but in both instances it was the effect of positive law. It can only, therefore, be considered as a bare menace of bodily hurt; and, without a consequent inconvenience, it is no injury public or private. 4 Bl. Comm. 5; 8 Hen. VI. c. 6; 9 Geo. I. c. 22; 4 Bl. Comm. 144; 3 Bl. Comm. 120. (2) That considering the official character of the defendant, such a proceeding ought not to be sustained, nor such a punishment inflicted. The law of nations is a part of the law of the United States; and the law of nations seems to require, that a consul should be independent of the ordinary criminal justice of the place where he resides. Vatt. Law Nat. bk. 2, c. 2, § 34. (3) But that, exclusive of the legal exceptions, the prosecution had not been maintained in point of evidence; for, it was all circumstantial and presumptive, and that too, in so slight a degree, as ought not to weigh with a jury on so important an issue. 2 Hale, P. C. 289; 4 Smol. Hist. Eng. p. 382, in note.

Mr. Rawle, in reply, insisted that the offence was indictable at common law; that the consular character of the defendant gave jurisdiction to the circuit court, and did not entitle him to an exemption from prosecution agreeably to the law of nations; and that the proof was as strong as the nature of the case allowed, or the rules of evidence required.

---

[1] [Reported by A. J. Dallas, Esq.]

In support of his argument he cited the following authorities: 4 Bl. Comm. 142, 144; 1 Lev. 146; 1 Keb. 809; 4 Bl. Comm. 180; Strange, 193; 4 Bl. Comm. 242; Crown Cir. Comp. 376; Fost. 128; Leach, 204; [Respublica v. Teischer] 1 Dall. [1 U. S.] 338; 1 Sid. 168; Comb. 304; Leach, 39; Ld. Raym. 1461; [Respublica v. Sweers] 1 Dall. [1 U. S.] 45.

Before JAY. Circuit Justice, and PETERS, District Judge.

THE COURT were of opinion in the charge, that the offence was indictable, and that the defendant was not privileged from prosecution in virtue of his consular appointment. The jury, after a short consultation, pronounced the defendant guilty; but he was afterwards pardoned, on condition (as I have heard) that he surrendered his commission and exequatur.

As to the question of jurisdiction, see U. S. v. Worral [Case No. 16,766].